51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Lewis JONES, Plaintiff-Appellant,
v.
MARICOPA COUNTY, Defendant-Appellee.
 No. 94-16640.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 10, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Lewis Jones, an Arizona state prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. Sec. 1983 action in which Jones alleged that he was denied access to the law library and to legal materials as a pretrial detainee in the Maricopa County jail. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 It is well-settled that prisoners have a constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977); Casey v. Lewis, 43 F.3d 1261, 1266 (9th Cir.1994). Under Bounds, access to the courts requires that prisoners have access to a law library or to legal assistance. Id. at 828. If the claim involves access to either a law library or legal assistance, no actual injury is required. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). If, however, the claim does not involve the denial of these core requirements, then the prisoner must show "actual injury." Id.; Vanderelft v. Moses, 31 F.3d 794, 797 (9th Cir.1994).
 
 
 4
 Here, Jones concedes that he was represented by counsel while he was a pretrial detainee. Thus, he had access to legal assistance as required under Bounds. See id. at 828; see also Milton v. Morris, 767 F.2d 1443, 1446-47 (9th Cir.1985); United States v. Wilson, 690 F.2d 1267, 1272 (9th Cir.1982). Moreover, Jones's complaint contains no allegation that he was actually denied access to the court as a result of not being given access to the law library.
 
 
 5
 Given these circumstances, we affirm the district court's dismissal of this action. See Vanderelft, 31 F.3d at 797.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3